ALVAREZ, APPELLANT, *v.* THE REGISTRAR, RESPONDENT.

APPEAL from a Decision of the Registrar of Property of San Juan, Section 1.

No. 163.—Decided December 1, 1913.

CONTRACT—SALE WITH RIGHT OF REDEMPTION—LEASE—CONSUMMATION OF SALE—PROOF OF NONFULFILMENT OF CONDITION.—Although as a general rule only the failure of the registry to show that the condition of a contract of sale with right of redemption has not been complied with is necessary to justify the registrar in entering a consummation of the sale at the instance of the interested party; still, in cases like the present relating to a contract of sale with right of redemption and at the same time to a lease in which the consummation of sale is made to depend upon the payment of the rent, which payment, as a general rule, is not noted in the registry every time it is made, it is advisable that the failure to comply with the condition should not only appear in the registry, but should be proved in some other way, *e. g.*, by an affidavit of the petitioner.

The facts are stated in the opinion.

The appellant appeared *pro se.*

The respondent did not appear.

MR. JUSTICE DEL TORO delivered the opinion of the court.

On June 16, 1912, Sofía Rufat, widow of Márquez, and Isidoro Alvarez González appeared before a notary public and the former sold, subject to redemption, two rural properties to the latter, who, in the same deed, leased the said properties to the said Sofía Rufat, it being covenanted that "in case any quarterly rent should not be paid to the lessor within 15 days after it became due it would be considered that the period fixed for the redemption of the properties had expired and that the lessor had acquired an absolute title thereto."

The public instrument executed was recorded in the Registry of Property of San Juan, Section 1, as to one of the properties sold situated in Río Piedras and was again presented in the registry on October 3, 1913, with an accompanying affidavit stating that although more than three quarterly terms had elapsed Sofía Rufat had made no payment what-

ever on account of the rent. The object of this new presentation was to have the registrar make entry of a consummation of the sale. This the registrar refused to do on the ground set forth in the following decision from which the present administrative appeal was taken.

"The entry of a consummation of the sale applied for is denied for the reason that it has not been proven that the vendor, Sofía Rufat, widow of Márquez, has failed to make the monthly payments of rental agreed upon in the deed, in accordance with a decision of the Supreme Court of Porto Rico of June 28 last, No. 148, and although an affidavit of the purchaser, Isidoro Alvarez, has been presented, this is not sufficient for the said purposes. In lieu of the entry requested a cautionary notice for the period prescribed by law is entered on the margin of record 4 of property No. 1295 of folio 72, over, of volume 25 of Río Piedras. San Juan, Porto Rico, October 16, 1913."

The case to which the registrar refers is that of *Rosado v. The Registrar of Property*, 19 P. R. R., 923. The appellant had purchased, subject to redemption, and had leased to the seller certain properties, it being agreed that if three consecutive monthly payments should become due and not be paid punctually it would be considered that the total obligation was due and the purchaser would have the right to apply for an entry in the registry of a consummation of the sale. Subsequently, according to the records of the registry, the right of redemption was assigned to another person. The record did not show the manner in which the petitioner had applied for an entry of a consummation of the sale and this court, in view of all the circumstances of the case and in the absence of anything to show that the appellant had proved the lack of compliance with the condition by the person who had acquired the rights of the original seller and lessee, affirmed the decision of the registrar appealed from refusing to record the consummation of the sale.

As may be seen, although the present case is very similar to the case decided on June 28, 1913, the attendant circumstances are different. In the Rosado case the manner in which

the entry of consummation was applied for did not appear clearly, nor was the failure to comply with the resolutory condition proven. In the present case the manner in which the consummation of sale was requested is clearly set forth, and besides, the failure to comply with the condition has been proven, not only by the fact that the rentals do not appear from the registry to have been paid within the period fixed by the contract, but also by means of a duly sworn affidavit.

If we apply the doctrine laid down in the decisions of the General Directorate of Registries of Spain of June 28, 1881, and November 5, 1883, and the opinion of the commentator Galindo, volume 1, page 633, of his *Legislación Hipotecaria,* there is ground for holding that the failure of the registry to show that the condition had been complied with is of itself sufficient to permit the registrar, at the instance of the interested party, to make entry of the consummation of sale. However, in cases like the present and that of *Rosado* v. *The Registrar, supra,* relating to contracts of sale with right of redemption, and at the same time of a lease in which the consummation of sale is made to depend on the payment of the rent, which payment as a general rule is not noted in the registry every time it is made, it is advisable that the failure to comply with the condition should not only appear in the registry but should be proved in some other way, and we think that an affidavit sworn to by the petitioner himself is proper and sufficient.

For the foregoing reasons the decision appealed from should be reversed and the registrar ordered to make the entry as requested.

*Reversed.*

Chief Justice Hernández and Justices Wolf and Aldrey concurred.

Mr. Justice MacLeary took no part in this decision.